**In re Gerald ALLSTON and Deborah Allston, Debtors.**

**Bankruptcy No. 096–73159–511.**

United States Bankruptcy Court, E.D. New York.

March 20, 1997.

Vincent James Beck, Centereach, NY, for Debtors.

Belkin, Burden, Wenig & Goldman by Daniel Altman, New York City, for Republic National Bank.

### DECISION AND ORDER

*(Vacating Dismissal upon Reconsideration)*

MELANIE L. CYGANOWSKI, Bankruptcy Judge.

On October 4, 1996, the Debtors filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code. The proposed plan called for repayment, over a five year period, of approximately $25,000 owing on a mortgage held by Crossland Mortgage Corp. on property located at 411 Brookhaven Avenue, Flanders, New York (the "Property") as well as 100% repayment of timely filed unsecured claims.

By Notice of Motion, dated December 12, 1996, The Republic National Bank of New York, the successor by merger to Crossland ("Republic" or the "Bank"), sought an order lifting the automatic stay pursuant to 11 U.S.C. § 362 with respect to the Property. The Debtors opposed the relief requested. A hearing was held on January 13, 1997, following which the Court granted the Bank's motion. An Order consistent with the Court's decision was entered on February 5, 1997. The Trustee thereafter moved to dismiss the case, which was granted without opposition by the Debtors. An Order of dismissal was entered on February 18, 1997.

For the reasons set forth herein, the Court believes that it erred when it granted the Bank's motion and that justice requires that the Court reconsider and vacate its prior rulings. Because a Chapter 13 proceeding may only be initiated at the voluntary instance of a debtor, the Court will give the Debtors until April 21, 1997 to (a) file a statement, signed by both Debtors, indicating whether they wish to continue the Chapter 13 proceeding, and (b) become fully current with the Chapter 13 Trustee, as if the case had not been dismissed. In the event that the Debtors advise the Court that they do not wish to continue in a Chapter 13 proceeding, or if they fail to comply with

either of the above directives, the case will be dismissed and closed for all purposes.

*Discussion*

The facts relevant to the controversy are not in dispute. Republic is the holder of a note and mortgage which is secured by the Property which is owned by the Debtors. The Debtors acquired the Property from their daughter, Anissa Allston, by deed dated January 28, 1991 and recorded on February 25, 1991 in Liber 1122, page 491 in the Office of the Suffolk County Clerk. The mortgage encumbering the Property was signed by Anissa Allston as obligor/mortgagor and not by the Debtors. Since the Property was conveyed to them in January 1991, the Debtors have made monthly mortgage payments, totaling over $60,000, which have been accepted by the Bank.

By its terms, the mortgage on the Property precluded transfer of title by Anissa Allston without the mortgagee's prior written consent. There is no dispute that such consent was never requested or obtained prior to transfer of title to the Debtors. On or about October 20, 1995, the Bank served a notice of default upon Anissa Allston based upon delinquent payments. By notice dated February 15, 1996, the Bank advised Anissa Allston that the mortgage was being accelerated due to the failure to cure the outstanding delinquency and because of the transfer of title to the Debtors; it also stated that a foreclosure action was going to be commenced.

The Debtors filed a voluntary petition seeking relief under Chapter 7 on April 5, 1996. An order of discharge issued on August 15, 1996 and the case was thereafter closed. During the course of that proceeding, the Bank sought, and obtained, relief from the automatic stay with respect to the Property.

As noted earlier, the Debtors' Chapter 13 plan contemplates repayment of the Bank's claim in full. While the moving papers had alleged failure by the Debtors to pay post-petition mortgage payments, the arrears had been paid by the date of the hearing on the motion.

At the hearing, the primary argument presented by the Bank was that a Chapter 13 debtor could not seek to modify the rights of a secured claimant in the absence of privity of contract. Notwithstanding the apparent inequities presented by the Bank having accepted almost $60,000 in payments over the past six years, the Court agreed and granted the Bank's motion. Upon its own motion and upon further reconsideration, the Court believes that it erred in holding that privity was required.

*Can a Chapter 13 Debtor Repay a Mortgage Lien Even Though No Privity of Contract Ever Existed with the Mortgagor?*

In a case having similar circumstances, the Court considered and rejected the Bank's argument. *See In re Philip C. Wilcox,* 096–71952–511 (Decision and Order dated October 24, 1996). In *Wilcox,* the bank argued that the mortgage debt is not a "claim" within the meaning of § 1322(b)(2), (5) and (6) or § 101(5) and that the debtor could not therefore force it to accept terms of repayment under a Chapter 13 reorganization plan. It further contended that the real property was not property of the estate and that it had no right of recourse against the debtor to demand repayment or equitable performance. Consequently, the bank sought relief from the automatic stay to continue its foreclosure action.

In rejecting the bank's arguments in *Wilcox,* the Court relied upon *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), and *In re Hutcherson,* 186 B.R. 546 (Bankr.N.D.Ga.1995). The *Johnson* case involved a so-called "chapter 20" debtor who was relieved of any personal liability under the mortgage by the discharge in his previously filed Chapter 7 case. After the close of the Chapter 7 case, the *Johnson* debtor filed a Chapter 13 petition and sought to cure the arrears owing under the mortgage. Akin to the issue at bar, the *Johnson* Court was faced with deciding whether the mortgagee could be said to hold a "claim" in the Chapter 13 case, even though it had no right of recovery against the debtor personally. The *Johnson* Court held in the affirmative, enabling the debtor to force the mortgagee to accept payment under the Chapter

13 plan of reorganization, notwithstanding the fact that the debtor had been relieved of all personal liability on the debt in question. In addition to noting that the discharge extinguished only the in personam action against the debtor and not the in rem action, the *Johnson* Court stated that "§ 502(b)(1) contemplates circumstances ... which ... may consist of nothing more than an obligation enforceable against the debtor's property" and that "§ 102(2) establishes, as a '[r]ul[e] of construction,' that the phrase '"claim against the debtor" includes claim against property of the debtor.'" *Johnson,* 501 U.S. at 85, 111 S.Ct. at 2155.

In the *Hutcherson* case, the property had been owned by the debtor's mother who had died, leaving a ¼ interest to her son. The son then filed a Chapter 13 petition in which he intended to fully satisfy the claims of all creditors, including the mortgagee. The *Hutcherson* court rejected the bank's argument that it did not hold a "claim" in the bankruptcy case. Relying upon the *Johnson* decision, the *Hutcherson* court reasoned that it was compelled to apply an expansive interpretation of the term "claim" and, for that reason, distinguished cases decided prior to *Johnson* that had ruled to the contrary. In its conclusion, the *Hutcherson* court stated:

> First National actually does hold a "claim" against the Debtor's estate in bankruptcy, even though no "privity of contract" ever existed between it and the Debtor. As such, the Debtor may modify First National's rights as part of his reorganization plan.

186 B.R. at 551.

■ The reasoning set forth in the *Hutcherson* and *Johnson* decisions persuade this Court that Republic holds a "claim" against the Debtors' estate, even though no privity of contract ever existed between it and the Debtors. Unlike the *Wilcox* case, it is undisputed here that the Debtors own the Property as to which the Bank holds a lien and that the Property is property of the estate.[1] It

therefore follows that the Bank holds a "claim" against the Debtors within the meaning of §§ 102(2) and 502(b)(1) to the extent that it asserts a claim against the Property. As a result, the Debtors may seek to repay the claim owing Republic as part of their Chapter 13 plan.

■ Insofar as it seeks relief under § 362(d)(1), it is not enough for the Bank to simply assert that there is "cause" for the automatic stay to be vacated because the transfer by Anissa Allston to her parents in 1991 was not in accordance with the terms of the mortgage. To the extent that this argument had any force, it pales in the face of the Bank having accepted six years of payment from the Debtors. Assuming that the Debtors are current (or prepared to become current) in their post-petition obligations to the Bank, no other cause has been presented that would support a determination that the stay should be lifted.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter, which is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(G).

2. Republic holds a "claim" within the meaning of § 1322(b)(2), (5) and (6) against the Debtors' estate, even though no privity of contract ever existed between the Bank and the Debtors, and consequently, the Debtors may seek to repay the claim owing Republic as part of their Chapter 13 plan of reorganization.

3. The Bank has failed to carry its burden of showing that there is cause within the meaning of 11 U.S.C. § 362(d)(1) to lift the automatic stay or that the Property is not necessary to an effective reorganization under 11 U.S.C. § 362(d)(2)(B). The Bank's motion seeking modification of the automatic stay is therefore denied.

---

1. It is largely for this reason that the Court believes that the decision in *In re Kizelnik,* 190 B.R. 171 (Bankr.S.D.N.Y.1995), is distinguishable. In that case, the debtor was not the mortgagor, did not own the property upon which the bank had a secured interest and had no personal liability on the secured indebtedness. 190 B.R. at 174. Indeed, the *Kizelnik* debtor even disclaimed any responsibility to repay the full amount of the mortgagor's contractual arrears in the context of her proposed Chapter 13 plan. 190 B.R. at 175.

4. The Debtors are directed to file a statement, signed by both of them, no later than April 21, 1997, indicating (a) whether they wish to continue the Chapter 13 proceeding, (b) whether they have tendered all payments that would have been due and owing the Chapter 13 Trustee had their case not been dismissed, and (c) whether they have tendered all payments that would have been due and owing the Bank post-petition had their case not been dismissed.

5. Pending further order, the Court vacates its Orders dated February 5, 1997 (lifting the automatic stay) and February 18, 1997 (dismissing the case).

6. The Court has authority to reconsider its prior rulings in the interests of justice under 11 U.S.C. § 105 and Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60.

SO ORDERED.